# Reid *v.* Greene, Recorder.

*Mandamus.*

(Decided June 30, 1908. 47 South. 1905.)

*Municipal Corporations; Appeal from Recorder's Court; Where Lies.*—Where the city charter provides that on conviction in the recorder's court the defendant may appeal to the city court the appeal is to the city court and not to the circuit court under section 2969, Code 1896, since that section provides for appeals in cases where the city charter does not authorize or provide for such appeal.

APPEAL from Calhoun Circuit Court.

Heard before Hon. JOHN PELHAM.

Mandamus on behalf of N. H. Reid to require James T. Greene, the recorder of the city court of Anniston to certify an appeal from a judgment of conviction against petitioner in the recorder's court to the circuit court of Calhoun county. From the judgment denying the writ, petitioner appeals. Affirmed.

H. D. McCARTY, for appellant. The charter did not operate as a repeal of Sec. 2969, Code 1896.—*City of Montgomery v. National B. & L. Assn.,* 108 Ala. 342; *State ex rel. v. McGough,* 118 Ala. 166; *State ex rel. v. Foster,* 130 Ala. 162. The remedy given by the charter is cumulative.—*Parks v. The State, ex rel.,* 100 Ala. 647; *State v. Bell,* 5 Port. 365; *Gould v. Hayes,* 19 Ala. 450; *Dement v. Booges,* 13 Ala. 143.

A. P. AGEE, for appellee. An appeal can only be taken from a municipal court in the manner provided by statute.—*City. Council v. Belser,* 53 Ala. 379; 2 Abbott Municipal Corp., 1139-1140. Sec. 2969 of the Code is merely meant to cover cases where no appeal is given by city charter. The charter in this instance provides where the appeal shall go.

[Reid v. Greene, Recorder.]

SIMPSON, J.—The appellant was convicted, in the court of the appellee as recorder of the city of Anniston, for a violation of a city ordinance. He tendered to said recorder an appeal bond, returnable to the circuit court of Calhoun county, and the recorder refused to approve said bond, on the ground that the only appeal allowed from said court is to the "city court of Anniston."

The charter of the city of Anniston provides: "Sec. 19. * * * That where parties tried before the recorder, or, in his absence, before the mayor, are dissatisfied with any judgment rendered by said recorder or mayor, he or they may forthwith appeal to the city court of Anniston by giving bond with good security to be approved by the recorder, conditioned to pay and satisfy such judgment, with costs, as the city court may render on such appeal; but, unless such bond be given within five days, then no appeal shall be allowed from such judgment." The contention of the appellee is that section 2969 of the Code of 1896 authorizes an appeal to the circuit court, and that the conferring of the right of appeal to the city court does not take away the right granted by the statute. That section provides that: "If not otherwise provided by the charter of a town or city, an appeal to the circuit court of the county will lie from a judgment of conviction for a violation of an ordinance or by-law of the town or city," etc.

If this section had provided for an appeal to the circuit court in all cases of conviction for a violation of a city ordinance, there might be some ground for the argument of the learned counsel for appellee; but the section is clear to the point that this appeal to the circuit court is provided, only to meet the ends of justice, in cases where the city charter fails to provide for an appeal. When the city charter does provide for an appeal to a court of competent jurisdiction, it is "otherwise

C 41

provided." The section of the charter not only provides for the appeal to the city court, and prescribes how the proceedings shall be had therein, but, after prescribing how the bond shall be made, goes on: "Unless such bond be given within five days, then no appeal shall be allowed." We think the intention is clear that no appeal shall be allowed, except to the city court, as provided in the charter.

The judgment of the court is affirmed.

TYSON, C. J., and ANDERSON and DENSON, JJ., concur.